# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * **
EARLEEN BEAN-SASSER,          *
                              *
              Petitioner,     *
                              *
v.                            *
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
              Respondent.     *
* * * * * * * * * * * * * * * * * * *
```

No. 13-326V
Special Master Christian J. Moran

Filed: September 8, 2017

Attorneys' fees and costs, attorneys' reasonable hourly rate, expert's fee

James R. Kneisler, Jr., San Angelo, TX, for petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Earleen Bean-Sasser claimed a dose of the hepatitis B vaccine caused her to suffer rheumatoid arthritis. After a hearing in which she presented expert testimony, she was denied compensation. 2016 WL 1649355 (Apr. 5, 2016), mot. for rev. den'd, 127 Fed. Cl. 161 (2016).

Although Ms. Bean-Sasser did not prevail, she seeks an award of attorneys' fees and costs as permitted by the Vaccine Act. 42 U.S.C. § 300aa–15(e) (2012). Her request totals $103,817.98. For the reasons explained below, she is awarded $79,471.98.

---

[1] The E-Government Act, 44 U.S.C. § 3501 (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

\*     \*     \*

The procedural history of this case is relatively straightforward and a brief recitation is sufficient for adjudicating the pending motion for attorneys' fees and costs. The timesheets for the attorney and paralegal indicate that Ms. Bean-Sasser first communicated with the law firm in April 2013. On her behalf, Attorney James R. Kneisler, Jr., submitted the petition on May 9, 2013.

The Secretary filed his report pursuant to Vaccine Rule 4 on September 11, 2013. The Secretary raised the question about the onset of Ms. Bean-Sasser's joint pain. The parties resolved this issue by entering into a stipulation of fact. See Jt. Stip. of Onset, filed May 19, 2014.

Ms. Bean-Sasser filed an initial report from her expert, Ernest N. Charlesworth, on September 24, 2014. Exhibit 28. Subsequently, Dr. Charlesworth authored other reports. Exhibits 30, 32.

When the parties were unable to resolve the case, a hearing was set. Ms. Bean-Sasser filed a pre-hearing brief on May 4, 2015. On June 10, 2015, the hearing was held in Austin, Texas. On August 10, 2015, Ms. Bean-Sasser submitted her post-hearing brief.

A decision issued on April 5, 2016, denied Ms. Bean-Sasser compensation. 2016 WL 1649355. Ms. Bean-Sasser filed a motion for review. The Court denied the motion for review on June 28, 2016. 127 Fed. Cl. 161.

On November 10, 2016, Ms. Bean-Sasser filed the pending motion for attorneys' fees and costs. The Secretary responded and stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Dec. 7, 2016, at 2. As to the amount, the Secretary essentially deferred to the special master's judgment.

After several orders and a status conference, Ms. Bean-Sasser filed, on August 21, 2017, a signed General Order No. 9 statement communicating that she is seeking reimbursement only for the costs she incurred in traveling to the hearing. Ms. Bean-Sasser's personal costs amount to $1,542.85. Ms. Bean-Sasser is not claiming reimbursement for any costs she incurred in obtaining medical records. With the submission of the General Order No. 9 statement, Ms. Bean-Sasser's motion for attorneys' fees and costs is complete and ready for adjudication.

\*       \*       \*

Even though compensation was denied, a petitioner who brings a petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Dr. Charlesworth's reports satisfy the reasonable basis standard.  Furthermore, the Secretary did not object.  Resp't's Resp. at 2.  Thus, the undersigned finds that petitioner is eligible for an award of attorneys' fees and costs.  The question to be determined is: what is a reasonable amount of attorneys' fees and costs?

## Attorneys' Fees

For attorneys' fees, Ms. Bean-Sasser seeks an award of $80,701.00 for the work performed by three professionals.  The first is James R. Kneisler, Jr., an attorney, who seeks an award of $65,785.00.  The second is David A. Godet, a paralegal, who seeks an award of $10,860.00.  The third is James R. Kneisler, III, who also claims status as a paralegal and seeks an award of $4,056.00.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, the product of the lodestar calculation yields a reasonable result.  Thus, no specific adjustment is necessary.  Instead, the analysis below focuses on the two components of the lodestar formula — a reasonable hourly rate and a reasonable number of hours.

## 1.  Reasonable Hourly Rate — Mr. Kneisler

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169

3

F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Thus, under Avera, determination of an attorney's hourly rate is a three-step process.  "First, the hourly rate in the attorneys' local area must be established. Second, the hourly rate for attorneys in Washington, DC must be established. Third, these two rates must be compared to determine whether there is a very significant difference in compensation." Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, at *4 (Fed. Cl. Spec. Mstr. June 12, 2009) (citing Avera, 515.3d at 1353 (Rader, J. concurring)), mot. for rev. den'd (slip op. Dec. 10, 2009), aff'd, 634 F.3d 1283 (Fed. Cir. 2011), corrected, 2013 WL 680760 (Fed. Cl. Spec. Mstr. Jan. 30, 2013).

The petitioner is responsible for producing satisfactory evidence "that the requested [hourly] rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 896.  The standard from Blum is "similar services." Therefore, in the Vaccine Program, petitioners should present information about fields of law that are not complicated because the Federal Circuit has endorsed a finding that litigation within the Vaccine Program is not complex.  See Masias v. Sec'y of Health & Human Servs., 634 F.3d 1283, 1290 (Fed. Cir. 2011) (stating that the special master did not err in determining that the Vaccine Program was not complex litigation).

For hourly rates, Ms. Bean-Sasser proposes that Attorney Kneisler be compensated at a rate of $295.00 per hour.  Kneisler Aff. ¶ 3.  Mr. Kneisler provides only the barest information about his experience, noting that he has participated in the Vaccine Program for 12 years.  He also asserts that while determining the prevailing market rate for attorneys providing similar services is difficult, his review of (unidentified) fee decisions led him to conclude that the requested rate is "in line with other practitioners of similar skill, experience and reputation." Id. ¶ 2.  Mr. Kneisler has not stated whether he is claiming forum or local rates.

Ms. Bean-Sasser has not presented persuasive evidence to justify Mr. Kneisler's proposed hourly rate.  The Office of Special Masters has advised attorneys about the information that is helpful when determining an attorney's hourly rate.  See Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program, (Rev. Ed. 2014) Sec. X, Chap. 3 ¶¶ B.1.a. and B.1.c.  The Guidelines implement the Federal Circuit's instruction

that "the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Raney v. Federal Bureau of Prisons, 222 F.3d 927, 938 (Fed. Cir. 2000) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  Given the sparse evidence provided by Ms. Bean-Sasser to support any rates, the undersigned must look elsewhere for evidence.  See Dougherty v. Sec'y of Health & Human Serv., No. 05-700V, 2011 WL 5357816 at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) ("When the parties do not provide reliable evidence, the court can look to other evidence to establish a reasonable hourly rate.") (citing Rupert ex rel. Rupert v. Sec'y of Health & Human Servs., 52 Fed. Cl. 684, 688-89 (Fed. Cl. 2002)).

Mr. Kneisler practices in San Angelo, Texas, which, in the Federal system, is included within the Northern District of Texas anchored in Dallas, Texas.  However, cases about attorneys from Dallas, Texas, are not the best analogues as "San Angelo, when compared with Dallas, enjoys an agreeably low cost of living."  Yoes v. Barnhart, 467 F.3d 426, 427 (5th Cir. 2006).

For a case brought pursuant to the Fair Debt Collection Practices Act, a district court from the Eastern District of Texas found that a reasonable hourly rate for an attorney practicing consumer law in 2011 in the "Dallas – Fort Worth – Arlington Region was $225 per hour."  In reaching this finding, the Court relied upon a fact sheet provided by the State Bar of Texas.  After adjustments, the Court awarded fees at a rate of $232.79 per hour.  Whatley v. Creditwatch Servs., No. 4:11-CV-493, 2014 WL 1287131, at *4 (E.D. Tex. Mar. 31, 2014).  This fact sheet has also served as a basis for a determination of a reasonable hourly rate for an attorney in the Vaccine Program.  DePena v Sec'y Health & Human Servs., No. 13-675V, 2017 WL 1476240, at *4 (Fed. Cl. Spec. Mstr. Mar. 30, 2017).

In the absence of evidence from Ms. Bean-Sasser, Whatley will serve as a basis for determining a reasonable rate for Mr. Kneisler's work in the Vaccine Program.  The undersigned does not directly import the hourly rate from Whatley to the present case.  Instead, the undersigned considers additional factors, including first, that Whatley set forth a finding for attorney rates in the greater Dallas region and that Mr. Kneisler works in a lower cost part of that region.  Second, Mr. Kneisler, according to information on the website maintained by the Texas bar, graduated from the South Texas College of Law in 1987.  Third, information from the Court of Federal Claims's Clerk's Office shows that Mr. Kneisler first represented a petitioner in the Vaccine Program in 2006.  Over the ensuing years,

Mr. Kneisler has represented fewer than a dozen petitioners.[2]  Finally, although special masters may raise the hourly rate for exceptional skill in handling a case, that increase is not appropriate here.  After weighing these factors and drawing on experience in awarding attorneys' fees, the undersigned finds that a reasonable rate of compensation for Mr. Kneisler's work is $240 per hour.[3]

Although Ms. Bean-Sasser has not explicitly claimed that Mr. Kneisler is entitled to forum rates, the next step in the process for adjudicating a claim for forum rates is to find the comparable rate for a similar attorney who practiced in Washington, DC.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (outlining forum rate ranges based on experience), reconsideration denied, No. 09-293V, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015), set various forum rates.  The potentially relevant categories are:

> 20 – 30 years of experience in practice, $350 – $425;
> 11 – 19 years of experience in practice, $300 – $375;

The higher range could be appropriate because Mr. Kneisler graduated from law school in 1987.  Thus, he has more than 20 years of experience.  If this range is used, then a reasonable forum rate for Mr. Kneisler would be $360 per hour because Mr. Kneisler has represented relatively few petitioners in the Vaccine Program and because the quality of his work would not justify a higher rate.

Alternatively, the category of 11 – 19 years of experience could be justified because Mr. Kneisler has represented petitioners for 12 years.  See Kneisler Aff. ¶ 2.  If so, then a reasonable forum rate for Mr. Kneisler would be $340 per hour for the reasons given above.

Resolving this issue is an academic point.  Even if the lower rate ($340 per hour) were used, there remains a very significant difference between the forum rate

---

[2] In some of those cases, Mr. Kneisler's client was awarded attorneys' fees and costs. However, in almost all cases, the special master did not make a specific finding for reasonable hourly rates for Mr. Kneisler.  Furthermore, Mr. Kneisler did not cite any cases that he believed could be used as a basis for the reasonable hourly rate in Ms. Bean-Sasser's case.

[3] In Mr. Kneisler's application, he charged the same hourly rate for all work he performed regardless of whether the year was 2013, 2014, 2015, or 2016.  Thus, the undersigned follows this practice as well.

and the local rate.  <u>See</u> <u>Garrison v. Sec'y of Health & Human Servs.</u>, No. 14-762V, 2016 WL 3022076, at *7 n.12 (Fed. Cl. Spec. Mstr. Apr. 29, 2016) (setting out formula), <u>mot. for rev. den'd</u>, 128 Fed. Cl. 99 (2016).  At $340 per hour, the difference is approximately 40 percent.  At $360 per hour, the difference is 50 percent.  A difference of either 40 percent or 50 percent is very significant.

For these reasons, Mr. Kneisler will be compensated at a local rate of $240 per hour.

## 2. Reasonable Number of Hours — Mr. Kneisler

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See</u> <u>Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993).

The Secretary did not directly challenge any of the requested hours as unreasonable.  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  <u>See</u> <u>Shea v. Sec'y of Health & Human Servs.</u>, No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

In Mr. Kneisler's invoice, he lists activities totaling 223 hours.  He delegated work to paralegals appropriately.  However, many of the entries are too cursory to provide meaningful information about the nature of the activity.  Examples include "Meeting w/ Staff," "Email from Paralegal," and "Meet and Confer w/ Staff." More detail should have been included to allow an assessment about the necessity of performing the task and the reasonableness of the amount of time spent on the task.  <u>See</u> <u>Avgoustis v. Shinseki</u>, 639 F.3d 1340, 134-45 (Fed. Cir. 2011) (holding that an attorney's obligation to create entries that adequately describe the activities does not usually invade the attorney client privilege); <u>Florence v. Sec'y of Health & Human Servs.</u>, No. 15-255V, 2016 WL 6459592, at *4 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (following <u>Avgoustis</u>).  To adjust for the vagueness in his entries, ten percent of Mr. Kneisler's time will be reduced.  Mr. Kneisler is credited with 200.7 hours (223 hours claimed x 0.9 = 200.7).

Consequently, for Mr. Kneisler's work, a reasonable amount of compensation is $48,168.00 ($240.00 x 200.7 = $48,168.00).

### 3. Paralegal Work

The process for determining a reasonable amount of compensation for a paralegal follows the same lodestar process.  A reasonable hourly rate is multiplied by a reasonable number of hours.

Here, Ms. Bean-Sasser requests compensation for work performed by two paralegals, David A. Godet and James Kneisler, III.  Attorney Kneisler attested that Mr. Godet has been a certified paralegal for more than 28 years and has assisted in cases pending in the Vaccine Program for nine years.  Kneisler Aff. ¶ 5.  Citing one case, Attorney Kneisler asserted that a reasonable hourly rate for a paralegal with this experience is $100 per hour.  For paralegal Kneisler, Attorney Kneisler stated that paralegal Kneisler has been an accredited disability representative since 2008 and has worked in the Vaccine Program for four years.  The rate requested for paralegal Kneisler is $80 per hour.  Kneisler Aff. ¶ 7.

Again, Ms. Bean-Sasser should have provided some evidence to justify the proposed rates.  However, independent research generally confirms the reasonableness of the requested rates.  See In re A.E.R., No. 05-15-00019-CV, 2016 WL 4205683, at *3 (Tex. App. – Dallas Aug. 9, 2016) (noting an attorney asserted that $95 was a reasonable rate for a paralegal and affirming an award of attorneys' fees and costs); Wheel Pros, L.L.C. v. Wheels Outlet, Inc., No. 3:14-CV-4230-M-BK, 2016 WL 1084745 (N.D. Tex. – Dallas Mar. 9, 2016) (accepting attorney's testimony that a reasonable rate for a paralegal was $125 per hour).  Although paralegal fees in the range of $80 to $100 per hour may be generally reasonable, the work actually performed in this case was subpar as the paralegals submitted many documents that did not comply with the rules for filing documents.

As to the number of hours, Ms. Bean-Sasser has requested compensation for 108.6 hours of Mr. Godet's time.  For paralegal Kneisler, Ms. Bean-Sasser has requested compensation for 50.7 hours.

The invoices from both paralegals suffer from the same infirmities as the invoice from attorney Kneisler.  For many entries, the paralegals have not described their activities with sufficient detail to permit a review of the reasonableness.  In addition, the paralegals have charged for performing tasks that are secretarial / clerical, such as scanning exhibits, mailing compact discs, and

electronically filing documents.[4]  These activities should not be charged at all. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).

To account for all these problems, the compensation requested for both paralegals is reduced by 25 percent.  For Mr. Godet, Ms. Bean-Sasser is awarded $8,145.00.  For paralegal Kneisler, Ms. Bean-Sasser is awarded $3,042.00.

A reasonable amount of attorneys' fees totals $79,471.98 ($48,168.00 + $8,145.00 + $3,042.00 = $79,471.98).

## Costs

The amount that Ms. Bean-Sasser is seeking in costs is difficult to discern for two reasons.  First, although her invoice indicates that her attorneys' costs add to $23,710.98, the actual total is $23,116.98, because her expert's travel costs ($594.00) appear twice, once independently listed and once as part of the expert's overall costs.  Pet. Mot. at 30, 39, 40 (pdf).  Second, the information about who paid Ms. Bean-Sasser's travel costs for the hearing is ambiguous.  The payer could have been Ms. Bean-Sasser personally or Mr. Kneisler's law firm.  The August 21, 2017 General Order No. 9 statement suggests that Ms. Bean-Sasser incurred those costs personally.  Thus, the undersigned finds that Ms. Bean-Sasser is claiming $1,542.85 in costs, leaving the balance ($21,574.13) to the law firm.

The costs for Ms. Bean-Sasser's travel total $1,542.85, and these costs are reasonable.  They are awarded to her.

For her attorney, Ms. Bean-Sasser seeks $21,574.13.  One portion, which amounts to $2,696.63, is for relatively routine costs, such as mailing expenses, travel expenditures, and the hearing transcript.  These are adequately documented, are reasonable, and are awarded in full.

The bulk of the costs concern Dr. Charlesworth, who prepared four invoices totaling $18,877.50.  Dr. Charlesworth has charged $450 per hour for tasks such as reviewing medical records and writing his report.  Dr. Charlesworth's final invoice

---

[4] Paralegal Kneisler has charged 1.0 for filing a status report or filing a motion for enlargement of time.  Filing a document, which is the only activity listed on that entry of the invoice, does not take 60 minutes.

includes 13.5 hours for efforts to prepare for the hearing plus an additional $5,000 for appearing in court on June 10, 2015. Dr. Charlesworth's invoice also includes a small amount of time charged by an assistant at $125 per hour.

The hourly rate for Dr. Charlesworth ($450 per hour) is reasonable. Dr. Charlesworth has been practicing medicine since 1971 and board certified in immunology since 1989. Exhibit 29 (curriculum vitae). In addition, Dr. Charlesworth's delegation of some tasks to his assistant indicates that he spent most of his time on tasks requiring medical expertise. Thus, Dr. Charlesworth's proposed hourly rate is accepted.

However, the proposed hours cannot be accepted so readily. Dr. Charlesworth's invoices list multiple tasks in conjunction with a single line item. Experts, like attorneys, should avoid billing in blocks. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781-83 (2013). The way that Dr. Charlesworth has prepared his invoice makes evaluating the reasonableness of his activities difficult. This challenge is especially acute with respect to the third invoice, which included time for preparing a PowerPoint presentation and reviewing documents. The PowerPoint presentation, filed as exhibit 36, was largely unnecessary, as it focused on two relatively undisputed aspects of the case. Finally, Dr. Charlesworth simply charged for the entire day of the hearing. However, the hearing concluded by 3:00 PM, leaving time for Dr. Charlesworth to perform other activities. Thus, a flat-rate appearance fee is not appropriate. See Culligan v. Sec'y of Health & Human Servs., No. 14-318V, 2016 WL 1622967, at *10 (Fed. Cl. Spec. Mstr. Mar. 31, 2016) (declining to award an expert a flat fee); Jeffries v. Sec'y of Health & Human Servs., No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (declining to award an expert a flat fee); Broushet v. Target Corp., 274 F.R.D. 432, 434 (E.D.N.Y. 2011) (awarding compensation to expert only for time spent in deposition). In light of these concerns, Dr. Charlesworth's fee is reduced by $3,000.

For attorneys' costs, Ms. Bean-Sasser is awarded $18,574.13 ($2,696.63 + $18,877.50 - $3,000.00).

\* \* \*

An award of attorneys' fees and costs to Ms. Bean-Sasser is appropriate in the amount of $79,471.98. This amount shall be payable as follows:

    **a.  A lump sum of $77,929.13 in the form of a check made payable to petitioner and petitioner's attorney, James R. Kneisler, Jr., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

    **b.  A lump sum of $1,542.85 in the form of a check made payable to petitioner alone.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.